UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| LAWRENCE CUSHNIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEARTLAND AUTOMOTIVE SERVICES, INC., a Minnesota corporation, JIFFY LUBE INTERNATIONAL, INC., a Delaware corporation, and TEXTMARKS, INC., a California corporation,<br><br>Defendants. | No.<br><br>**COMPLAINT—CLASS ACTION** |

1.   Plaintiff Lawrence Cushnie brings this complaint against Defendants Heartland Automotive Services, Inc., Jiffy Lube International, Inc., and TextMarks, Inc. to stop Defendants' practice of making unsolicited text message calls to cellular telephones and to obtain redress for all persons injured by their conduct.  Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE CASE

2.   In an effort to promote the sale of its oil change and related automotive services, Heartland, the largest Jiffy Lube franchisee in the nation, and Jiffy Lube International, by and through TextMarks, engaged in an especially pernicious form of marketing: the unauthorized

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

transmission of advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Lawrence Cushnie is a resident of Washington.

7. Defendant Heartland Automotive Service is a Minnesota corporation with its principal place of business at 11308 Davenport Street, Omaha, Nebraska 68154. The self-described "largest franchisee of quick lube retail service stores in the country," Heartland operates approximately 435 Jiffy Lube locations throughout the United States, including in Washington State and this District.

8. Defendant Jiffy Lube International is a Delaware corporation that maintains its principle place of business at 700 Milam, Houston, Texas 77002. It does business throughout the United States, including Washington State and this District.

9. Defendant TextMarks is a California corporation that maintains its principle place of business at 2235 Octavia Street, San Francisco, California 94109. It does business throughout the United States, including Washington State and this District.

COMPLAINT - 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

## JURISDICTION & VENUE

10. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

11. This Court has personal jurisdiction over the Defendants under Wash. Rev. Code § 4.28.185 because the acts alleged herein occurred in Washington (and, specifically, the Western District of Washington).

12. Venue is proper in this district because Plaintiff lives in this District and one or more Defendants transact business in this District.

## COMMON ALLEGATIONS OF FACT

13. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

14. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

15. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

16. Unlike more conventional advertisements, wireless spam actually costs its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a number of messages, regardless whether or not the message is authorized.

COMPLAINT - 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870

17. Over the course of an extended period beginning in 2011, Defendants and their agents directed the mass transmission of wireless spam to the cell phones nationwide of what they hoped were potential customers of Defendants Heartland and Jiffy Lube's "eClub" and "Signature Oil Change" services.

18. For instance, on or about April 21, 2011, Plaintiff's cell phone rang, indicating that a text call was being received.

19. The "from" field of such transmission was identified cryptically as "72345," which is an abbreviated telephone number known as an SMS short code licensed and operated by TextMarks. The body of such text message read:

> Jiffy Lube customers 1-time offer: Rply Y to join our
> eClub for 45% off a Signature Service Oil Change!
> STOP to unsub Msg&data rates may apply
> T&C: jiffytos.com

20. TextMarks transmitted this text message to Plaintiff and the class at the direction of Defendants Heartland and Jiffy Lube.

21. Defendants' use of an SMS short code enabled Defendants' mass transmission of wireless spam to a list of cellular telephone numbers.

22. At no time did Plaintiff consent to the receipt of the above-referenced message or any other such wireless spam text messages from Defendants.

**CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

> All persons in the United States and its Territories who received one or more unauthorized text message advertisements sent by or on behalf of Defendants.

24. Upon information and belief, there are over 1,000 members of the Class such that joinder of all members is impracticable.

25. Plaintiff will fairly and adequately represent and protect the interests of the other

COMPLAINT - 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  ●  Fax: (425) 868-7870

members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.  Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

26. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

27. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

28. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein.  Plaintiff and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless spam.

29. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include but are not limited to the following:

(a) Does Defendants' distribution of the wireless spam violate 47 U.S.C. § 227?

(b) Are the Class members entitled to treble damages based on the willfulness of Defendants' conduct?

COMPLAINT - 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870

    (c) Did the conduct described above violate the Class members' right to privacy?

## FIRST CAUSE OF ACTION

## Violation of 47 U.S.C. § 227

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. Defendants made unsolicited commercial text calls, including the message in paragraph 19, to the wireless telephone numbers of the Class.  Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.  By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

32. These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

33. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii).  As a result of Defendants' conduct, the members of the Class suffered actual damages by having to pay their respective wireless carriers for the text messages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

34. Because Defendants had knowledge that Plaintiff, Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

Plaintiff Lawrence Cushnie, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all wireless spam activities;

4.  An award of reasonable attorneys' fees and costs; and

5.  Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 3, 2011

                              Respectfully submitted,

                              LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
                              By:  s/  Cliff Cantor, WSBA # 17893
                              627 208th Ave. SE
                              Sammamish, Washington 98074
                              Tel: (425) 868-7813
                              Fax: (425) 868-7870
                              cacantor@comcast.net

COMPLAINT - 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870